UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADAM FOX, et al.

    Defendants.
_____/

Hon. Sally J. Berens

Case No. 1:20-mj-00416

**ORDER**

This matter is before the Court on the Government's Unopposed Motion for Ends of Justice Continuance to Extend Time for Filing Indictment (ECF No. 52). The government requests 40 additional days (up to December 16, 2020) to seek an indictment in the case. (PageID.271.) The government has certified that it consulted with defense counsel, and they do not oppose the government's motion. (ECF No. 53, PageID.276.)

The Speedy Trial Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The statute provides for excludable delay in the filing of an indictment, however, when the Court finds "the ends of justice served by [granting a continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute also sets out factors the court must consider in determining whether to grant a continuance. 18 U.S.C. § 3161(h)(7)(B). The Court has considered those factors.

The Court has reviewed the government's submission and makes the following factual findings. This case involves a large volume of evidence, as detailed in the government's motion, through which the grand jury must wade to determine probable cause on appropriate charges. That includes "hundreds of hours of audio recordings," "computers and cellular telephones, which must be forensically analyzed as authorized by this and other U.S. District Courts," "over 13,000 pages of encrypted text messages," and "potentially illegal firearms and explosives evidence, which must be examined by FBI and ATF experts to determine whether additional federal charges are appropriate." (PageID.271-72, 274.) The government further avers that, "[b]ecause of the imminent nature of the threat, law enforcement was obliged to arrest the subjects before this evidence could be processed." (PageID.271.)

The Court finds that "delay in the filing of the indictment is caused because the arrest occur[red] at a time such that it is unreasonable to expect return and filing of the indictment within the period specified…." 18 U.S.C. § 3161(h)(7)(B)(iii). That is so both because of the large amount of evidence to be considered, including voluminous evidence collected around the date of the defendants' arrests, and because the government's investigation is ongoing and was incomplete at the time of the defendants' arrests, which were necessitated, in part, by the escalation of the alleged plot. *See*, *e.g.*, *United States v. Marin*, 7 F.3d 679, 683 (7th Cir. 1993).

Even if the case were not deemed unusual and complex, the Court would find that failure to grant the motion would "deny…the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). There is no evidence of lack of diligence on the part of the government.

Moreover, the defendants are unlikely to be prejudiced by the delay because one defendant, Barry Croft, has not yet appeared in the district. Indeed, defendants do not oppose this motion.

The Court therefore finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendants in a speedy trial. The government's motion (ECF No. 52) is therefore **granted**. The government has until December 16, 2020, to obtain an indictment in the above-captioned case. All days in excess of 30 since the first arrests of defendants on October 7, 2020, are excluded pursuant to 18 U.S.C. § 3161(h)(7)(A).

IT IS SO ORDERED.

Dated: October 30, 2020              /s/ Sally J. Berens
                                     SALLY J. BERENS
                                     U.S. Magistrate Judge