UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ADAM DEAN FOX,
BARRY GORDON CROFT, JR.,
TY GERARD GARBIN,
KALEB JAMES FRANKS,
DANIEL JOSEPH HARRIS and
BRANDON MICHAEL-RAY CASERTA,

      Defendants.
      _____/

CASE NO. 1:20-CR-183

HON. ROBERT J. JONKER

## ORDER SETTING FINAL PRETRIAL AND TRIAL

**IT IS ORDERED** that jury selection and trial shall commence on **March 23, 2021 at 8:30 a.m.**, in the United States District Court, Courtroom 699, Federal Building, 110 Michigan, N.W., Grand Rapids, Michigan.  Counsel and the parties shall be present in the courtroom at 8:30 a.m., to address preliminary matters.

**IT IS ORDERED** that a final pretrial conference be held on **March 10, 2021 at 3:00 p.m.**, in the United States District Court, Courtroom 699, Federal Building, 110 Michigan, N.W., Grand Rapids, Michigan.  Counsel who will try this case shall appear at the final pretrial conference.  The attendance of the defendants is required unless specifically waived.

All pending motions shall be heard at the time of the final pretrial conference on March 10, 2021, unless otherwise notified by the Court.

**IT IS FURTHER ORDERED** that at the final pretrial conference the parties shall:

    1.  Discuss any legal issues, including motions in limine, or other evidentiary issues which may arise during the course of trial.

    2.  Enter into stipulations of uncontested facts.

    3.  Submit a proposed preliminary jury instruction defining the nature of the alleged offense and the elements of that offense.

4.  Disclose the identity of all expert witnesses and agree, if possible, upon the qualifications of expert witnesses.

5.  Agree, if possible, upon the admissibility of exhibits.  The parties shall mark their exhibits for identification prior to the final pretrial conference.

6.  Advise the court of the number of witnesses expected to be called and estimated length of trial.

7.  Submit proposed <u>voir</u> <u>dire</u> questions.  During <u>voir</u> <u>dire</u>, the parties will not be permitted to repeat questions asked on the jury questionnaire or questions asked by the Court.

8.  Review jury selection procedure.

9.  Submit trial briefs and discuss legal issues which may arise at the trial.

10.  Prior to the final pretrial conference, the parties shall meet and confer regarding jury instructions.  At the final pretrial conference, the parties must submit a joint set of jury instructions.  The parties must identify the instructions upon which they agree and disagree.  The parties must also submit a brief statement of the nature of any disputes relative to the jury instructions.  This Court uses the <u>6th Circuit Pattern Criminal Jury Instructions</u> (West Publishing).

11.  If not previously made available to the other party, the government and defendant shall make available to each other at the final pretrial conference pursuant to Fed. R. Evid. 1006 all summaries which the party intends to introduce into evidence plus duplicates of the supporting documents which have been summarized.

**A defendant who waits until the time set for the final pretrial conference to plead guilty may or may not receive the one-level reduction in offense level described in U.S.S.G. § 3E1.1(b), even if the government is prepared to move for it.  The Court will evaluate any such motion from the government and consider all relevant factors, including the timing of the plea, in deciding whether to grant or deny the government's motion**.


Dated:  <u>January 15, 2021</u>            <u> /s/ Robert J. Jonker</u>
                                            ROBERT J. JONKER
                                            CHIEF UNITED STATES DISTRICT JUDGE