UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                      CASE No. 1:20-CR-183

v.

                                      HON. ROBERT J. JONKER

ADAM DEAN FOX, et al.,

      Defendants.

_____/

## ORDER

### INTRODUCTION

      The United States moves for permission to disclose Grand Jury testimony from an unnamed witness or witnesses to the State of Michigan Attorney General's Office. The government believes disclosure of the materials would assist the State in prosecuting certain individuals the United States contends were affiliated with the conspiracy charged in this case, and who supported the federal Defendants' plans to kidnap Michigan Governor Gretchen Whitmer. Grand Jury testimony is presumptively secret, and a party must normally demonstrate a "particularized need" for the material to overcome the presumption of secrecy. The government has not made, or even attempted to make that showing here. Moreover, even if less is required under the particular sub-section of the Rule the government invokes, something more than a simple government request is necessary. But on the present record, that is really all there is. Accordingly, the motion is denied on the present record.

## THE GENERAL RULE OF GRAND JURY SECRECY

"[T]he principle of grand jury secrecy has long been deeply ingrained in American Legal jurisprudence." *In re Grand Jury 89-4-72*, 932 F.2d 481, 483 (6th Cir. 1991).  "Rule 6(e)(2) of Fed. R. Crim. P. codifies the common law rule prohibiting the disclosure of any matters occurring before the grand jury." *Id.*  "That secrecy, however, is not absolute. Rule 6(e)(3) authorizes five specific exceptions to the general rule of secrecy[.]" *Id.*  "The scope of that authorization has been delineated in a series of cases setting forth the standard of 'particularized need.'" *Illinois v. Abbott & Associates*, 460 U.S. 557, 567 (1983) (discussing the exceptions then found in Rule 6(e)(3)(C); *see also id.* at 167 n.14 (collecting cases).  Therefore, a party requesting disclosure under the exceptions found in Rule 6(e) usually must satisfy a two-step process: (1) demonstrating the exception is met; and (2) a particularized need. *Id.*

For example, the Sixth Circuit requires a party seeking disclosure under Rule 6(e)(3)(E)(i) to demonstrate (1) the disclosure is sought 'preliminarily to or in connection with a judicial proceeding[,]' and (2) a compelling [or particularized] need for disclosure exists which will overcome the general presumption in favor of grand jury secrecy." *In re Grand Jury 89-4-72*, 932 F.2d at 483.  The Sixth Circuit Court of Appeals has given additional guidance on what the requisite showing of need requires.  The party requesting disclosure must show a "compelling necessity for the material—that is, (a) the material sought will prevent a possible injustice, (b) the need for disclosure outweighs the need for secrecy, and (c) the request is narrowly tailored to provide only material so needed." *FDIC v. Ernst & Whinney*, 921 F.2d 83, 86 (6th Cir. 1990); *see also Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979) (setting out the same factors).  "Where a particularized need for disclosure has been demonstrated, a district court that is properly seized of the question is given wide discretion to decide whether it is the need for

secrecy that predominates, or the need for disclosure." *In re Grand Jury Proceedings*, 841 F.2d 1264, 1268-69 (6th Cir. 1988).

### RULE 6(e)(3)(E)(iv)'s Exception

The standards of "compelling necessity" and "particularized need" would definitely apply if the government requested disclosure under Rule 6(e)(3)(E)(i), which applies to disclosures "preliminarily to or in connection with a judicial proceeding." There are already State criminal proceedings pending, and so this sub-section of the Rule, and the well-established case law under it, would seem to provide the most natural pathway for analysis. But the government has not cited this sub-section and has not attempted to meet the "compelling necessity" or "particularized need" standards required by the Supreme Court and the Sixth Circuit. Instead, the government invokes Rule 6(e)(3)(E)(iv), which permits the Court to authorize a government request for disclosure to a State when the information may disclose a violation of State law. Is a lesser showing needed for disclosure under this sub-section?

The most natural answer from the Court's perspective is "no." Both sub-sections of the Rule are qualified by the same introductory language giving the Court discretion to permit the disclosure "at a time, in a manner, and subject to any other conditions that it directs." And it was under this discretionary mandate that the Supreme Court and the Sixth Circuit developed and applied the "particularized need" and "compelling necessity" standards. Those standards were not driven by the specific language of any sub-section, but rather by the deeply engrained principle of Grand Jury secrecy, and the strong policy reasons supporting that secrecy. Especially in a case like this, where there is already a State criminal proceeding pending, which falls squarely within the parameters of sub-section (i), it is hard to see why sub-section (iv) should permit disclosure under

any more relaxed standard. To the Court's knowledge, however, there is no case law under sub-section (iv) that addresses the issue directly.

The absence of a directly controlling case under sub-section (iv) does not prevent this Court from making its own determination based on the analysis in the preceding paragraph. However, the Court must acknowledge that even though there is no case law under sub-section (iv), there is some commentary and Department of Justice practice that potentially supports a more relaxed standard. The exception in Rule 6(e)(3)(E)(iv) (first codified at subsection 6(e)(3)(C)(iv)) was "intended to enhance a federal prosecutor's ability to share grand jury information with non-federal officials." 2 Susan W. Brenner & Lori E. Shaw, *Court-Ordered Disclosure: To A State, Indian Tribal, Military, or Foreign Law Enforcement Official*, in Fed. Grand Jury § 18:8 (2d ed. Oct. 2020 update) (citing Advisory Committee Note, 1985 Amendment to Fed. R. Crim. P. 6(e)(3)(C)). Before adoption of this subsection in 1985, "the only way a federal prosecutor could disclose [grand jury information] to non-federal authorities was under Rule 6(e)(3)(E)(i)." *Id.* The Advisory Committee thought sub-section (i) was inadequate and explained the need it saw for new sub-section (iv):

> It sometimes happens that during a federal grand jury investigation evidence will be developed tending to show a violation of state law. When this occurs, it is very frequently the case that this evidence cannot be communicated to the appropriate state officials for further investigation. For one thing, any state officials who might seek this information must show particularized need. For another, and more significant, it is often the case that the information relates to a state crime outside the context of any pending or even contemplated state judicial proceeding, so that the 'preliminary to or in connection with a judicial proceeding requirement of subdivision (e)(3)([E])(i) cannot be met.

Advisory Committee Note, 1985 Amendment to Fed. R. Crim. P. 6(e)(3)(C).

Based on the Advisory Committee notes, some commentators have opined that "it is not necessary" to demonstrate a particularized need when requesting materials under this subsection. BRENNER & SHAW, *supra.*; *see also* WAYNE R LAFAVE ET AL., *Disclosure to Further Criminal Law Enforcement*, *in* CRIMINAL PROCEDURE § 8.5(e) (4th ed. 2015) (stating that Rule 6(e)(3)(E)(iv) was "separated from the general provision on court-ordered third-party disclosures . . . in part to avoid the rigors of the 'particularized need standard' applied to third party disclosures.'")  Further, the policy of the Department of Justice appears to be that only a "substantial need" for the materials be shown, which it says is generally satisfied by demonstrating that there is a need to prosecute or investigate a state or local offense.  BRENNER & SHAW, *supra* at n.27 ("There is no requirement that a 'particularized need' be established for the disclosure, but there should be a substantial one.  The need to prosecute or to investigate ongoing or complete state or local felony offenses will generally be deemed substantial.") (quoting U.S. Dept of Justice, *U.S. Attorney's Manual: Title 18: Criminal Justice Manual* 157 (1997));[1] *see also* LAFAVE ET AL., *supra* at § 8.5(e) ("The standard here should focus simply on relevancy, and the government should not be required to show that the state, military, or tribal law enforcement officials would encounter difficulties in obtaining the disclosed information through their own investigative procedures.").

**MORE THAN A SIMPLE REQUEST IS REQUIRED**

The Court is not convinced at present that the Advisory Committee notes can so easily sweep away the well-established authority referenced in *Illinois v. Abbott & Associates* requiring a "particularized need" for disclosure under Rule 6(e), nor overcome the objectives and rationale of maintaining Grand Jury secrecy.  *See generally United States v. Procter & Gamble Co.*, 356

---

[1] This language does not appear to be in the current version of the Justice Manual, however, which took effect in 2018.  *See* U.S. Dept. of Justice, *Justice Manual* 9-11.260 (updated Jan. 2020), https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.260.

U.S. 677, 681 n.6 (1958) (setting out several reasons for maintaining the secrecy of grand jury proceedings in federal court).  This is particularly true when the State already has its own criminal proceeding pending so that sub-section (i) would directly cover the situation.  The Advisory Committee notes themselves identified the absence of pending or anticipated State proceedings as a "more significant" problem with sub-section (i) than any necessity requirement.  *See also* SARAH SUN BEALE et al., *Disclosure in Connection With Another Proceeding—"Judicial Proceeding," in* GRAND JURY LAW AND PRACTICE § 5:11 (2d ed. Dec. 2020 update) ("Prior to 1985, the disclosure of federal grand jury materials to state law enforcement officials was of limited practical value, however, because of the requirement that the state law enforcement proceedings be pending or at least be contemplated in order for the disclosure of the grand jury materials to be permissible. When the state law enforcement authorities are not already aware of the facts developed in the federal investigation, it is unlikely that the grand jury materials will relate to a state proceeding, or that the state authorities will be able to show a "particularized need" for the products of the federal investigation.").

Ultimately, on the present record the Court does not have to resolve the question of what level of need must be shown.  Even Department of Justice policy (at least until 2018) recognized that "substantial need" was still necessary to support disclosure.  Indeed, if all that subsection (iv) required was a showing that the grand jury proceedings might reveal a violation of State law, the exception would risk what the Advisory Committee expressly stated it did not intend to do: namely, "have federal grand juries act as an arm of the state." Advisory Committee Note, 1985 Amendment to FED. R. CRIM. P. 6(e)(3)(C).  On the present record, the Court sees nothing but a simple government request with no showing of any level of need.  Even if "compelling necessity"

or "particularized need" is not needed, at least some showing of substantial need is. There is no such showing on the present request.

## OTHER PROBLEMS

The Court has other concerns regarding the present status of the request too.

First, there is no specification of exactly what information the government seeks to disclose. In fact, it appears that some of the Grand Jury information the government wants permission to disclose is not even Grand Jury information yet. The government appears to be asking for blanket permission to disclose to the State any Grand Jury testimony already taken, or that may be taken as the Grand Jury continues its own investigation. The Court is not inclined to provide such blanket permission, and certainly not as to testimony that has yet to be given. The kind of blanket permission would turn the federal Grand Jury into "an arm of the State," contrary to Advisory Committee expectations.

Second, the government's motion makes it clear that the Grand Jury is continuing its own investigation. Moreover, existing federal charges remain unresolved against all but one of the originally named federal defendants. At this point in the federal process, Grand Jury secrecy concerns remain paramount. Yet there is nothing in the government's request that explains how, if at all, secrecy of these materials will be maintained once the information is disclosed to the State. Commentators have noted that "[n]ormally, the Department of Justice opposes any effort to disclose grand jury material to non-federal authorities while a federal grand jury investigation is ongoing." BRENNER & SHAW, *supra*.[2]  And even if the government is not concerned in this

---

[2] The Court observes two other potential Department of Justice policy barriers on the present record. First, the proposed disclosure order includes no language regarding the secrecy obligations of the non-federal officials who would receive the materials, despite DOJ policy that seems to require that. BRENNER & SHAW, *supra* (citing internal Department of Justice practice manual). Furthermore, the Justice Manual requires that in a matter being handled by the United States

7

instance, the Court has its own obligation to ensure the integrity and secrecy of the Grand Jury process.

## CONCLUSION

For all the above reasons, the United States' Motion for Disclosure of Grand Jury Testimony (ECF No. 138) is **DENIED** on the present record. The United States may renew the motion, if it so desires, with additional argument and information documenting the need for the requested disclosure.

**IT IS SO ORDERED.**


Dated:   February 16, 2021                    /s/ Robert J. Jonker
                                              ROBERT J. JONKER
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

Attorney's Office, the United States Attorney must give authorization to the request. *See* U.S. Dept. of Justice, *Justice Manual* 9-11.260 (updated Jan. 2020), https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.260.  The name of the United States Attorney of the Western District of Michigan is found on the signature block of the motion to be sure, but it is signed by an AUSA, and there is no indication in the motion that the United States Attorney has personally provided the required authorization.