UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADAM DEAN FOX, et al.,

    Defendants.

_____/

CASE No. 1:20-CR-183

HON. ROBERT J. JONKER

## ORDER

The government charges all defendants with conspiracy to kidnap the Governor of Michigan, and some of the defendants with conspiracy to use weapons of mass destruction in the process. Defendants say that at least some of their association and speech was in pursuit of legitimate political goals, and that the jury should therefore receive special instructions to protect their First Amendment rights. In particular, they seek an instruction under *Brandenburg v. Ohio*, and a separate one invoking the doctrine *Strictissimi Juris*. (ECF Nos. 219, 221, 243, 244, 252, 253, 290). The government opposes the motions and argues that the ordinary rules of evidence, jury instructions and sufficiency of evidence standards are enough in this case. (ECF No. 306). The Court agrees with the government and denies the defense motions.

Even the defense agrees that joining an actual conspiracy to kidnap the Governor, or to use weapons of mass destruction in pursuing that goal is a crime. (Fox Memorandum, ECF No. 222, PageID.1224 ("Obviously, a true conspiracy to commit these acts would be illegal.")). And the defense also agrees that the government may "use evidence of speech alone" to prove up a conspiracy without violating the First Amendment. (Fox Memorandum, ECF No. 220,

PageID.1177). Finally, the defense agrees that an "an overt act [in furtherance of a conspiracy] may itself be absolutely legal." *Id.* Here, the government has summarized anticipated proofs of not only speech and association, but also conduct by the defendants. (Government Response, ECF No. 306, PageID.1809-1816). The question will be, as it is in any conspiracy case, whether the government's proofs establish the charged conspiracies beyond a reasonable doubt under the instructions of the Court.

The Court's standard instruction on proof of a conspiracy makes it clear that the government must prove both a "criminal agreement" and that the charged defendant "voluntarily joined the conspiracy intending to advance or achieve its goals." In deciding whether the government establishes either element by proof beyond a reasonable doubt, the standard instructions also make clear that talking, associating and engaging in activities together is not enough:

> [P]roof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.
>
> * * * *
>
> [P]roof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if the defendant approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make the defendant a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

Sixth Circuit Pattern Jury Instructions, § 3.02 *Agreement* and § 3.03 *Defendant's Connection to the Conspiracy.* These standard instructions are sufficient to ensure that the jury convicts only if

it is satisfied the proofs establish beyond a reasonable doubt what even the defense acknowledges would be a crime.

The cases referenced by the defense do not support the additional instructions requested in this case. As for the *Strictissimi Juris* request, the defense has not identified a single case that actually treats the question as one for the jury at all. To the extent the doctrine applies, even under the defense cases it is simply a question of how the Court assesses the sufficiency of the evidence, not a jury instruction matter. Moreover, as the government brief demonstrates, the cases cited by the defense involved different charges and very different fact patterns than those at issue in this case. (Government Response, ECF No. 306, PageID.1821-1823). There is no basis for this requested jury instruction.

The proposed *Brandenburg* is on a different footing. There are certainly cases in which such an instruction would, in the Court's view, be proper. The government acknowledges this. (*Id.*, at PageID.1820). In fact, this Court has used one on charges of Conspiracy to Defraud and Contempt of Court involving what is commonly known as a tax protester case. *United States v. Cormier*, Case No. 1:07-cr-84 (W.D. Mich.).[1] But other than the Court's own instruction in

---

[1] The jury returned a verdict of guilty on both counts. There was no appeal and so there is no transcript of the trial and jury instructions on the public record of the case. The Court's trial script for the case reflects the following instruction:

**First Amendment**

(1)   In this case, part of the government's proofs against Ms. Cormier includes statements that it says she made advocating her point of view and advising others with respect to demands the government was making on them. Whenever a citizen speaks freely, expresses points of view about the government, or even argues for action that violates government policies, the First Amendment guarantees of free speech and the right to petition the government come into play. The First Amendment protects speech that induces a condition of unrest, creates dissatisfaction with existing conditions, or even stirs people to anger and violence. Although the freedom of speech is not absolute, it is protected against

3

*Cormier*, the undersigned is unaware of any authority permitting, much less mandating, a *Brandenburg* instruction in this Circuit. The defense has not cited any. Moreover, as both parties acknowledge, the Eastern District of Michigan rejected a *Brandenburg* instruction in *United States v. Stone*, which involved a charge of seditious conspiracy. *See United States v. Stone*, Case No.

---

censorship or punishment unless shown likely to produce a clear and present danger that rises above mere public inconvenience, annoyance, or unrest.

(2) This means that in considering whether the government has carried its burden of proving each element of the conspiracy crime charged against Ms. Cormier, the only speech of hers that you may consider and weigh against her is speech that you find was both (1) directed to inciting imminent lawless acts; and (2) likely to incite or produce such lawless acts.

(3) Speech is directed to inciting an imminent lawless act when the speaker intends to cause others to commit the advocated act. It is not enough that a speaker's words have the unintended consequence of inspiring others to commit an illegal or dangerous act. In other words, the act must have been a specifically intended consequence of the speech.

(4) "Imminence" is a function of time. It refers to an act that is ready to take place, threatens to happen momentarily, is about to happen, or is at the point of happening. An act is imminent when it will befall before there is opportunity for full discussion and reasoned consideration. An imminent act is one that so threatens the purposes of the law that an immediate check is required to stop it from occurring. An act is not imminent merely because it is certain to be committed at some indefinite future time.

(5) Speech is likely to incite lawless action only when there is a strong, direct connection between the speech and the action. There must be more than a mere tendency of the speech to lead to a foreseeable lawless act, and speech with only a remote connection to others' thoughts or impulses cannot be said to be likely to incite an imminent lawless act.

(6) So when you decide whether the government has met its burden of proving each element of the conspiracy crime charged against Ms. Cormier, you may not use any speech by Ms. Cormier that you find is protected by the First Amendment under the instruction I have just given you. You may, of course, use any speech that you find is not protected by the First Amendment under this instruction.

2:10-CR-20123, 2011 WL 795104 (E.D. Mich. Jan. 12, 2011), *report and recommendation adopted*, Case No. 10-20123, 2011 WL 795164 (E.D. Mich. Mar. 1, 2011) (Roberts, J.).

The Court does not believe a *Brandenburg* instruction is necessary or appropriate based on the charges and anticipated proofs here. *Brandenburg* involved statements by the accused advocating particular points of view, and related actions, to other people. The charge was inciting a riot, not any form of conspiracy to commit acts that everyone acknowledges are criminal in and of themselves. Here the speech, association and conduct proofs that the government anticipates using include predominantly private discussions and activity among alleged co-conspirators who, despite their best efforts at concealment and their concerns about being observed by law enforcement, actually were intercepted and observed by law enforcement and confidential informants despite those efforts. The First Amendment does not protect that any more than it does the private speech of would-be bank robbers planning their heist.

As already noted, the standard jury instruction on conspiracy ensures that the jury may convict only if it is satisfied beyond a reasonable doubt based all the evidence that the government has proved both a criminal agreement and a defendant's voluntary decision to join it. Accordingly, the defense motions (ECF Nos. 219, 221, 243, 244, 252, 253, 290) are denied.

**IT IS SO ORDERED.**


Dated:   September 8, 2021              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE