UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CASE NO. 1:20-CR-183

v.

HON. ROBERT J. JONKER

ADAM DEAN FOX,
BARRY GORDON CROFT, JR.
KALEB JAMES FRANKS,
DANIEL JOSEPH HARRIS, and
BRANDON MICHAEL-RAY CASERTA,

        Defendants.

_____/

## ORDER

Defendants move to compel the government to provide pinpoint citations to *Brady* material that may be included in overall discovery; to provide early identification of expected trial exhibits; and to identify substantively duplicative documents that may be included in overall discovery. ECF Nos. 372, 374. The defense motions concede that the law does not ordinarily require these sorts of disclosures. And indeed, this Court has already denied earlier defense requests for virtually the exact same relief requested in the new motions. Order, ECF No. 310. The government points this out in its own Motion to Strike filed in response to the renewed defense requests. ECF No. 375.

The Court sees nothing in the renewed defense motions that leads to a different result. As all parties expected, discovery has continued and involved voluminous disclosures. It was partially because of this that the Court granted a defense motion to adjourn the trial from October of 2021 to March of 2022. ECF No. 345. The Court also provided for status conference opportunities in

October and November to address "logistical matters" that might arise during the ongoing pre-trial process, including potential discovery problems. ECF No. 347. Counsel indicated in advance of each provisional status conference—the latest set for November 23—that it was not necessary to convene.[1]

The same law and analysis the Court recited in its earlier Order denying this relief continue to apply here.[2] The Court incorporates those reasons now and **DENIES** the defendants' renewed Motions. The government's Motion to Strike is **dismissed as moot**.

**IT IS SO ORDERED**.

Dated:    December 29, 2021           /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Post-trial review of the *ex parte* record under 18 U.S.C. § 3006A will also reveal that the Court has granted all defense requests for professional assistance necessary to process the voluminous discovery, or otherwise prepare for trial. *See, e.g.*, Restricted Access ECF Nos. 350, 352, 354, 355, 363, 364, 376, 377.

[2] The defense leads off its new motions with a quote from *Brown v. Allen*, 344 U.S. 443 (1953). The quotation is a nice rhetorical prelude, but it has nothing to do with the issues briefed here. *Brown* involved disputes over federal habeas procedures for review of State criminal convictions. Justice Jackson's concurring opinion suggested that the Supreme Court had created its own habeas problems by sanctioning "progressive trivialization of the [habeas] writ until floods of stale, frivolous and repetitious petitions inundate the dockets of the lower courts and swell our own." Id., at 536. It was the haystack of "worthless" habeas petitions that Justice Jackson worried might obscure "the occasional meritorious one," leading to his needle-in-a-haystack quote. *Id*. at 537. The observation has no bearing on the pre-trial disclosure issues raised by the defense motions here.