UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:20-cr-183

     vs.                                Hon. Robert J. Jonker
                                        Chief United States District Judge

ADAM DEAN FOX,
BARRY GORDON CROFT, JR.,
DANIEL JOSEPH HARRIS,
KALEB JAMES FRANKS, and
BRANDON MICHAEL-RAY CASERTA,

        Defendants.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF MOTION DEADLINE

The defendants have filed a motion for more time to file more motions. They have already begun recycling the same motions previously denied, and identify no particular legal issues they expect to address given more time. Accommodating their request would either unduly compress the pretrial briefing schedule, or necessitate a third continuance of the trial.

### FACTS

1.    The defendants were arrested in October 2020 for conspiring to kidnap the Governor of Michigan. (R. 1: Complaint, PageID.1.) Trial is set to commence on March 8, 2022, by which time the defendants will have been in continual pretrial detention for a year and a half. (R.347: Case Mgmt. Order, PageID.2155.)

2. This trial was originally set for March 2021, but the defendants moved for a continuance based on the volume of discovery. (R.136: Order, PageID.719; R.145: Motion for Cont., PageID.763.) The Court granted the motion and reset the trial for October 2021, and set a July 2021 deadline for filing dispositive motions. (R. 161: Order, PageID.861.)

3. The defendants filed a total of 11 motions at the July 2021 deadline. Two were novel, but groundless.[1] The rest were either routine pretrial motions, or motions to compel the government to pinpoint items they might find useful.[2] The defendants filed numerous replies-to-the-responses, supplements, and in one case, an appeal of the Magistrate Judge's adverse ruling.[3] None raised meritorious legal issues warranting relief.

4. After the Court resolved their first round of motions, the defendants filed a second motion to postpone the trial on the ground that the discovery was extensive. (R.331: Motion for ends of justice continuance, PageID.2019.) The Court adjourned the trial until March 2022, and set new motion and response deadlines. (R.345: Order granting motion to continue, PageID.2152; R.347: Order resetting pretrial and jury trial, PageID.2155.)

---

[1] R.219: Fox motion for *Brandenburg* jury instruction; R.221: Fox motion for *Strictissimi Juris* instruction; R. 330: Order denying motions 219 and 221.

[2] R. 216: Croft motion for early designation of witnesses and exhibits; R. 225: Caserta motion to compel discovery; R. 228: Franks motion to submit juror questionnaire; R. 230: Franks motion to change venue; R. 232: Franks motion to sever; R. 234: Harris motion to pinpoint exculpatory evidence; R. 238: Harris motion to pinpoint co-conspirator statements; R. 241: Caserta motion to exclude video; R. 245: Croft motion to suppress search warrant items, including three-cornered hat.

[3] R. 262, 264, 268, 285, 297.

5. In the three months between the second continuance and the new deadline for motions in limine, the defendants filed three new motions: One is a motion to admit hearsay. (R.383, PageID.2554.) The second is a motion to dismiss the indictment, which repeats the same claims of entrapment the defendants have been pleading since August.[4] (R.379, PageID.2518.) The third filing duplicates motions this Court denied last August,[5] and denied again last week. (R.372, PageID.2455; R.374, PageID.2468; R. 382: Order denying motions, PageID.2552.)

6. The defendants do not identify any particular legal issues they expect to brief if given additional time. They state only that "additional time will allow a full and complete presentation of any additional relevant motions, as well as an evaluation of all pretrial issues."

## LAW AND ARGUMENT

"[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Studier v. McCauley*, No. 20-1417, 2020 U.S. App. LEXIS 30870, at *6 (6th Cir. Sep. 28, 2020) (citing *Morris v. Slappy*, 461 U.S. 1, 11-12, (1983)).

District courts have properly denied continuances where the movant does not explain his need with specificity, and the case does not involve complex questions of

---

[4] See, R. 226: Caserta motion to compel discovery, PageID.1247; R. 258: Franks motion for disclosure of CHS records, PageID.1401; R. 262-1, Fox reply to government's response to motions to compel, PageID.1460; R. 286: Franks reply to government's response to motions to compel, PageID.1669-72; R. 297: Caserta response to government's reply to motion to compel, PageID.1727; R.315: Defendants' joint supplement to motions to compel, PageID.1866-71.

[5] R. 310: Order denying motion nos. 216, 234, 238, PageID.1843.

fact or law. *United States v. King*, 127 F.3d 483 (6th Cir. 1997), *United States v. Monea*, 376 F. App'x 531 (6th Cir. 2010). In *King*, the defendant "never delineated the potential legal issues" he claimed he needed more time to address. *King*, 127 F.3d at 487. In *Monea*, the defendant claimed he needed more time to review a "substantial number of recorded conversations," and noted that the government still had more discovery to produce. *Monea*, 376 F. App'x at 547. The court noted his recent motions were similar to earlier ones the court had already rejected, and that his claims about the complexity of the case were conclusory. *Id.* at 547-48. "Further, [the defendant did] not explain why any of the later-received materials fall outside the realm of additional documents that a diligent attorney must incorporate into his or her preparation in the weeks leading to trial." *Id.*

Although the defendants want to postpone a motion deadline rather than the trial, their request raises the same issues found in *King* and *Monea*. The case involves voluminous discovery, but the defendants have had most of it for months. They offer only generalities about what they would do with two more weeks to draft additional motions. The motions the defendants have already filed did not raise complex or novel legal issues. The fact that they are already recycling used motions suggests there is little original material left to be mined.

As the Court noted in its order of December 31, 2021, the current deadlines were precisely set. (R.391, PageID.2701.) Assuming the Court granted both parties the same 21 days to respond to motions that are contemplated by the current order, a new deadline of January 31, 2022 would push the response deadline to February

21, 2022—three days after the final pretrial conference. If the final pretrial conference were in turn postponed to give the parties 14 days' preparation time, the conference would take place the day before trial. Even assuming the Court would contemplate compressing the pretrial briefing and hearing schedule, the defendants have pled no compelling reason to do so.

WHEREFORE, the government requests the Court deny the defendants' motion for extension.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: January 4, 2022          /s/ Nils R. Kessler
NILS R. KESSLER
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
*nils.kessler@usdoj.gov*