UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CASE No. 1:20-CR-183

v.

HON. ROBERT J. JONKER

ADAM DEAN FOX, et al.,

        Defendants.

_____/

## OPINION AND ORDER DENYING
## DEFENSE MOTION TO DISMISS

### INTRODUCTION

A grand jury charges all Defendants in a Superseding Indictment with conspiracy to kidnap the Governor of Michigan, and some of the Defendants with conspiracy to use weapons of mass destruction and possession of an unregistered destructive device in the process. Defendants say the charges against them are the result of "egregious overreaching" by the government and its agents constituting entrapment as a matter of law. They move under Rule 12 to dismiss all charges on this basis. (ECF No. 379).[1] Defendants have a heavy burden to carry. They must show that the undisputed evidence demonstrates both government inducement and a patently clear absence of predisposition as a matter of law. Defendants fail to carry their burden because the evidence on both issues is decidedly disputed as it almost inevitably is at this stage of the case. Indeed,

---

[1] Defendant Franks has also filed a supplemental brief with additional argument based on the most recent round of discovery. (ECF No. 399).

defendants have not cited a single case granting a Rule 12 dismissal as a matter of law based on entrapment. Accordingly, the defense motion is **DENIED.**

## LEGAL STANDARDS

A district court may hear, by pretrial motion, defenses that can be determined without a trial on the merits. FED. R. CRIM. P. 12(b)(3). "Generally, motions are capable of determination before trial if they raise questions of law rather than fact." *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). While pretrial motions may challenge the legal sufficiency of an indictment, a motion to dismiss must not be a "summary trial of the evidence." *See United States v. United Memorial Hosp.*, No. 1:01CR238, 2002 WL 33001119, at *5 (W.D. Mich. July 23, 2002) (Enslen, J.) (quoting *United States v. Marra*, 481 F.2d 1196, 1199-1200 (6th Cir. 1973)). Accordingly, "[t]he Court may not adjudicate the validity of a defense in advance of trial if doing so would 'invade the province of the ultimate finder of fact.'" *United States v. Duval*, 865 F. Supp. 2d 803, 807 (E.D. Mich. 2012) (citing *Jones*, 542 F.2d at 664).

"An entrapment defense has two elements: (1) 'government inducement of the crime, and [(2)] a lack of predisposition on the part of the defendant to engage in the criminal conduct.'" *United States v. Demmler*, 655 F.3d 451, 456 (6th Cir. 2011) (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1998) (alterations in *Demmler*)). "To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal." *Sherman v. United States*, 356 U.S. 369, 372 (1958). "A district court can find entrapment as a matter of law where (1) the testimony and facts are undisputed; and (2) the evidence demonstrates a patently clear absence of predisposition." *United States v. Amawi*, 695 F.3d 457, 483 (6th Cir. 2012); *see also United States v. Tucker*, 28 F.3d 1420, 1428 (6th Cir. 1994)

2

(indicating this test applies "[t]o warrant dismissal before trial on the ground that the defendant was entrapped as a matter of law[.]" ).

## DISCUSSION

1. ***Predisposition.***

Despite the emphasis in *Tucker, Amawi*, and other Sixth Circuit decisions on the predisposition element in deciding whether entrapment has been established as a matter of law, Defendants' brief provides scant discussion of this element.[2] Moreover much of what Defendants' do assert is decidedly disputed and involves credibility questions for a jury.

"The key question in determining predisposition is whether law enforcement planted a 'criminal design in the mind of an otherwise law-abiding citizen or whether the government merely

---

[2] The defense recognizes the entrapment test used in the Sixth Circuit requires a lack of predisposition. But it also argues the Court can dismiss the Superseding Indictment based solely on "objective" entrapment or on a closely related "outrageous government conduct" defense recognized by some courts. The Court disagrees. Decisions from the Sixth Circuit have uniformly rejected attempts to sidestep predisposition where, as here, the defense is grounded in inducement. *See Tucker*, 28 F.3d at 1422-1428 (discussing, at length, a potential "due process" defense based on alleged outrageous misconduct and concluding "a defendant whose defense sounds in inducement is, by congressional intent and Supreme Court precedent, limited to the defense of entrapment and its key element of predisposition."); *United States v. Warwick*, 167 F.3d 965, 975 (6th Cir. 1999) (outrageous government conduct defense "is expressly foreclosed . . . in cases where the defendant alleges inducement."); *see also Amawi*, 695 F.3d at 483 ("This Court has soundly rejected the "outrageous government conduct" defense, looking instead to the doctrine of entrapment to assess a defense that sounds in inducement."); *United States v. Al-Cholan*, 610 F.3d 945, 952 (6th Cir. 2010) (describing the outrageous government conduct defense as "moribund."); *United States v. Harney*, 934 F.3d 502, 507 (6th Cir. 2019) ("The lack of readily discernible standards for applying such a defense, the frequency of sting operations in all manner of criminal investigative settings, and the political (as opposed to judicial) considerations underlying most such investigations all make [the outrageous conduct defense] the kind of rare bird that is much talked about but never seen."). Defendant Franks' supplemental brief references *McIntyre v. United States*, 336 F. Supp. 2d 87 (D. Mass. 2004), as additional authority for the proposition that this case can be dismissed based on government conduct and that the relevant government conduct includes actions of informants and other like sources. But *McIntyre* is an out of circuit district court case and is not binding on this court. Nor is it persuasive or even applicable to this context. It did not deal with a criminal matter at all, let alone a Rule 12 dismissal motion.

provided an opportunity to commit a crime to one who was already predisposed to do so.'" *Demmler*, 655 F.3d at 457 (quoting *United States v. Al-Cholan*, 610 F.3d 945, 950 (6th Cir. 2010)). "The predisposition inquiry involves assessing whether a defendant was 'inclin[ed] to commit the crime with which he was charged.'" *United States v. White*, 815 F. App'x 27, 29 (6th Cir. 2020) (quoting *United States v. Kussmaul*, 987 F.2d 345, 349 (6th Cir. 1993) (alterations in *White*). Courts in the Sixth Circuit consider the following factors in evaluating a defendant's predisposition to commit an offense:

1. the character or reputation of the defendant;

2. whether the suggestion of the criminal activity was initially made by the government;

3. whether the defendant was engaged in criminal activity for a profit;

4. whether the defendant evidenced reluctance to commit the offense but was overcome by government persuasion; and

5. the nature of the inducement or persuasion offered by the government.

*United States v. Nelson*, 922 F.2d 311, 317 (6th Cir. 1990). The Sixth Circuit Model Jury Instructions add a sixth factor: whether "the defendant took part in any similar criminal activity with anyone else before or after." COMMITTEE COMMENTARY, SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION § 6.03.

Defendants say several of the above factors weigh in their favor. (ECF No. 379, PageID.2525-2527, 2531). But "[i]t is seldom appropriate to grant a pre-trial motion to dismiss based on an entrapment defense, because the defense focuses on a defendant's state of mind, an evidentiary question." *United States v. Schaffer*, 586 F.3d 414, 426 (6th Cir. 2009). "The vast majority of courts which have considered the issue have *not* favored the pretrial resolution of

entrapment motions." *United States v. Fadel*, 844 F.2d 1425, 1430 (10th Cir. 1988) (collecting cases). "The reasons for such a preference are grounded in the fact that the defense of entrapment is intertwined with the issue of intent and is typically based upon credibility determinations, an area traditionally reserved for jury resolution." *Id.* Having reviewed the record in this case so far,³ the Court finds that it is neither "undisputed" nor "patently clear" that Defendants were not predisposed to commit the crimes charged.

This case is different than the primary cases the defense points to in several key respects. Most importantly, both *United States v. Odeesh*, 937 F. Supp. 637 (E.D. Mich. 1996), and *United States v. McLernon*, 746 F.2d 1984 (6th Cir. 1984), dealt with whether entrapment as a matter of law had been met after presentation of all the proofs at trial. The decision in *Odeesh*, for example, arose after a jury had hung and on a renewed Rule 29 motion. The procedural posture of the two cases alone is sufficient to distinguish them from this case.

### 2. *Inducement*

While the two elements of entrapment are "interrelated" *United States v. Hood*, 811 F. App'x 291, 296 (6th Cir. 2020), a successful entrapment defense also requires a defendant to demonstrate governmental inducement of the crime. The Sixth Circuit has not precisely defined what amounts to inducement in the entrapment context. *United States v. Poulsen*, 655 F.3d 492, 502 n.3 (6th Cir. 2011). But courts generally distinguish between the government "merely afford[ing] an opportunity or facilities for the commission of the crime," *United States v. Poulsen*,

---

³ The Defendants' statements and criminal history are the subject of two pending motions *in limine*. In ECF No. 383, the defense seeks to admit approximately 258 out-of-court statements made either by the Defendants themselves, government agents, or confidential human sources. The government opposes the motion mainly on hearsay grounds. In ECF No. 370, the government seeks to admit the criminal history of some Defendants under Rule 404(b). The Court has reviewed the motions and statements for present purposes. The Court will decide the admissibility issue by separate order.

655 F.3d 492, 502 (6th Cir. 2011) (quoting *Mathews*, 485 U.S. at 66), and the government providing "an 'opportunity' plus something else-typically, excessive pressure by the government upon the defendant or the government's taking advantage of an alternative, non-criminal type of motive.'" *United States v. Dixon*, 396 F. App'x 183, 186 (6th Cir. 2010) (quoting *United States v. Gendron*, 18 F.3d 955, 961 (1st Cir. 1994)). Generally, "[a]n improper inducement occurs when the government 'repeated[ly] and persistent[ly] solicit[s]' a person to commit a crime." *White*, 815 F. App'x at 29 (quoting *Sorrells v. United States*, 287 U.S. 435, 441 (1932) (alterations in *White*)); *see also United States v. Geralt*, 682 F. App'x 394, 406 (6th Cir. 2017) ("Inducement requires evidence of repeated and persistent solicitation or excessive pressure by the government.") (internal citations and quotation marks omitted).  Applying this framework, simply setting up a ruse—even an extended one—or running a confidential source, or even proposing a criminal act is not enough.

At this pretrial stage, the Court concludes the defense has not demonstrated as a matter of law that Defendants' wills were overcome by the actions of the government.

## CONCLUSION

For all the above reasons, the defense motion to dismiss (ECF No. 379) is denied.

**IT IS SO ORDERED.**

Dated:  January 25, 2022                /s/ Robert J. Jonker
                                                                       ROBERT J. JONKER
                                                                       CHIEF UNITED STATES DISTRICT JUDGE