UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                No. 1:20-cr-183

vs.                            Hon. Robert J. Jonker
                                     Chief United States District Judge

ADAM DEAN FOX,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO THIRD MOTION FOR DISCLOSURE OF CHS FILES

Defendant Fox moves for disclosure of compensation and admonishments provided to three confidential human sources. The government has provided that information as to the witness it intends to call, and is not obligated to provided impeachment material for the defendant's witnesses. This Court has denied this same motion previously on multiple occasions.

### FACTS

1.    Defendant Fox seeks production of CHS files for CHS 99252 ("Dan"), CHS 97067 ("Steve"), and CHS 99802 ("Jenny"). (R. 493: Motion in Limine, PageID.3802.) Specifically, he requests records of admonishments and financial compensation provided to the sources. (PageID.3807.)

2.    The government advised Fox before he filed this motion that it would voluntarily disclose the admonishments and compensation provided for CHS "Dan",

who will testify in the government's case-in-chief. That disclosure will be made this week.

3. The government does not intend to call CHS "Steve" as a witness. It nonetheless disclosed the admonishments, compensation, and a summary of the quarterly and annual reviews for CHS "Steve" on November 17, 2021. (Bates 200175-181.)

4. The government does not intend to call CHS "Jenny" as a witness in its case-in-chief.

5. Fox correctly states that he has repeatedly requested this information. (PageID.3802). He moved for the same relief in July 2021. (R. 251: Motion for Joinder, PageID.1374.) After a contested hearing, this Court (Hon. Sally J. Berens, presiding) denied the motion. (R. 325: Order, PageID.1941.) This Court affirmed the ruling on appeal. (R. 351: Order, PageID.2212). Co-defendant Franks filed the same motion again in January, 2022. (R. 401: Def's Mot., PageID.2793.) This Court denied it again. (R. 417: Order, PageID.2867.)

## LAW AND ARGUMENT

6. "There is no requirement that the government must disclose to the defense that material which would allow the defendant to impeach his own witness." *United States v. Kimley*, 60 F. App'x 369, 371 (3d Cir. 2003), citing *Giglio v. United States,* 405 U.S. 150, 154-55 (1972). *See also, United States v. Garcia-Martinez*, 730 F. App'x 665, 678 (10th Cir. 2018); *Vas v. United States*, No. 04-cr-0489, 2012 U.S. Dist. LEXIS 121194, at *14 (E.D. Pa. Aug. 24, 2012).

7.  Mere speculation that a government file may contain *Brady* material is insufficient to compel production. *United States v. Driscoll*, 970 F.2d 1472, 1482 (6th Cir. 1992). "A due process standard which is satisfied by mere speculation would convert *Brady* into a discovery device and impose an undue burden upon the district court." *Id.*

WHEREFORE, the government requests the Court deny the defendant's motion.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: February 28, 2022          */s/ Nils R. Kessler*
NILS R. KESSLER
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
*nils.kessler@usdoj.gov*