UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ADAM DEAN FOX,
BARRY GORDON CROFT, JR.,
DANIEL JOSEPH HARRIS, and
BRANDON MICHAEL-RAY CASERTA,

        Defendants.
_____/

No. 1:20-cr-183

Hon. Robert J. Jonker
Chief United States District Judge

## GOVERNMENT'S MOTION FOR AN ORDER CONCERNING NEWS MEDIA ACCESS TO ADMITTED TRIAL EXHIBITS

The United States respectfully moves this Court for an Order governing the release of copies of admitted trial exhibits to credentialed news media during the trial of this matter.

One news media organization has requested that the government produce copies of admitted trial exhibits in this case. The government anticipates that other news organizations will request copies of admitted trial exhibits during trial given prior motion practice filed by certain media outlets, which resulted in this Court's July 13, 2021 Opinion and Order (ECF No. 254, PageID.1380-1391) (denying motions for access to detention hearing exhibits 3-5 and 7 "until conclusion of Defendant Croft's trial, conviction by guilty plea, or other order of the Court, whichever comes first."). The government recognizes that the media does not have an absolute right to the release of admitted trial exhibits during the trial. However, the government

believes that this Court can safeguard the Defendants' right to a fair trial by establishing a protocol for the release of admitted trial exhibits to credentialed media. Accordingly, the government seeks direction from the Court on whether, and in what manner, the parties may provide copies of admitted trial exhibits to credentialed news media to ensure that both the public's interest in the trial and the Defendants' constitutional rights are respected. The government does not object to the request but seeks the Court's guidance on how to handle the issue after it considers the Defendant's objections to the media's request.

## LAW AND ANALYSIS

There is a presumptive common-law right of access to judicial records, but "it [is] not a constitutional right nor an absolute right, and [ ] courts in politically sensitive cases have a responsibility to consider both the public's interests and the court's duty of fairness in the administration of justice." *United States v. Beckham*, 789 F.2d 401, 409-10 (6th Cir. 1986) citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-602 (1978). "[W]hile some other courts have held that this presumption can only be overcome by the most extraordinary of circumstances, the Sixth Circuit 'respectfully disagrees that only the most extraordinary reasons justify a restriction on the common-law right' to inspect and copy exhibits." *United States v. Dimora*, 862 F. Supp. 2d 697, 705-06 (N.D. Ohio 2012), citing *Beckham*, 789 F.2d at 414.

The decision to provide access to court records is left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and

2

circumstances of the particular case. *Beckham*, 789 F.2d at 409. The interests to be weighed include: (1) the Court's supervisory powers over its own documents; (2) the benefit to the public from the incremental gain in knowledge that would result from access to the materials in question; (3) the degree of danger to the petitioner or other persons mentioned in the materials; (4) the possibility of improper motives on the part of the media; and (5) any special circumstances in the case. *Id*. A district court must articulate reasons that are "sufficiently weighty" to "justify the denial of permission to make copies of [of exhibits] under the common law." *Beckham,* 789 F.2d at 415.

As a threshold matter, the First Amendment right of access to exhibits is not necessarily implicated where the evidence was presented in open court. *Beckham*, 789 F.2d at 415 (videotapes in question played at public court proceeding, and press was free to report on their content). That is particularly true where the court has made efforts to facilitate access to the trial proceedings, for example by reserving seats for the press or providing a channel for remote viewing. *United States v. Mitchell*, 2010 U.S. Dist. LEXIS 21004, at *10-11 (D. Utah, Mar. 8, 2010), citing *In re Providence Journal*, 293 F.3d 1, 16 (1st Cir. 2002).

The right to access must be balanced against the defendant's right to a fair trial. In *Beckham*, for example, the trial court found that the release of audio and video recordings would aggravate an "already hostile community atmosphere" surrounding a trial that had raised "extremely sensitive issues of racial prejudice" in the community, and "determined that there was a strong likelihood that impaneled

3

jurors were likely to be affected by the passions inflamed in the community and that this furor in the community could infect the courtroom and destroy the orderly, fair administration of criminal justice." *Beckham,* 789 F.2d at 415.  In contrast, in *United States v. Berger*, 990 F. Supp. 1054, 1057-58 (C.D. Ill. 1998), the district court authorized release of a videorecorded deposition after it was played to the jury in a fraud trial because it was "unable to conceive" how the defendant's constitutional rights would be "violated or lessened" if a juror inadvertently viewed a replay or excerpt of the deposition in a television news story.  In *United States v. Tsarnaev*, the Boston Marathon bombing trial, the government posted admitted exhibits on the U.S. Attorney's Office website after each trial day.  *See* https://www.justice.gov/usao-ma/tsarnaev-trial-exhibits.

This Court has tools available to ensure the fair administration of justice in this case, including by instructing jurors not to access media reports during the trial and deliberation. *See, e.g.*, Sixth Cir. Pattern Criminal Jury Instruction 1.04 (Evidence Defined), 8.02 (Experiments, Research, Investigation and Outside Communications).  Additionally, the Court may "impose reasonable time, place, and manner restrictions on the press's right to access judicial records," including trial exhibits, as necessary to ensure that the Defendants receive a fair trial. *See United States v. Sampson,* 297 F. Supp. 2d 342, 347 (D. Mass. 2003) (quoting *United States v. Hernandez,* 124 F. Supp. 2d 698, 702–03 (S.D. Fla. 2000)) (establishing protocol for providing news media copies of recordings played to jury in sentencing phase of death penalty case).

If this Court determines that credentialed news media should be provided with copies of admitted trial exhibits, the government respectfully requests an Order that provides all parties with clear terms governing the release of those trial exhibits to ensure that Defendants receive a fair trial. Specifically, the government requests that the Court authorize the following protocol:

1. No party shall provide copies of any trial exhibits to the media or to anyone on their behalf unless and until they are admitted into evidence by this Court at trial.

2. Immediately upon the conclusion of each trial day, the parties shall meet and confer to confirm the accuracy of a list of trial exhibits that were admitted that day.

3. Any party may object to providing the media with any trial exhibit and seek resolution by this Court prior to release of the trial exhibit. Any objections must be made to the Court at the conclusion of the trial day on which the exhibit was admitted, or the objection will have been deemed waived.

4. Absent further order of this Court, and to the extent practicable, a copy of all admitted trial exhibits shall be provided to credentialed media by secure and reliable means within 24 hours of the conclusion of the trial day on which the exhibits were admitted by the Court.[1]

---

[1] Previously marked trial exhibits that are modified or redacted during trial due to evidentiary rulings may take longer to produce to ensure that the copy provided to the media matches the exhibit admitted at trial.

5. Each party will be responsible for providing copies of their admitted trial exhibits to credentialed media by secure and reliable means. The Government shall have no responsibility for providing copies of Defendants' trial exhibits, and the Defendants shall have no responsibility for providing copies of the government's trial exhibits.

6. Notwithstanding the foregoing, no party shall provide to the media a copy of trial exhibits that were marked as Croft detention hearing exhibits 3-5 and 7 that were the subject of this Court's July 13, 2021, Opinion and Order, or trial exhibits to which the Court sustained a party's objection to producing to the media. Tangible objects (e.g., firearms) will not be made available to the news media.

## CONCLUSION

If this Court finds that the benefit to the public in providing copies of admitted trial exhibits to credentialed news media outweighs concerns regarding the potential impact on the Defendants' right to a fair trial, the government stands ready to provide copies of its exhibits. Accordingly, the government seeks an order governing the production of admitted trial exhibits to credentialed news media who request a copy, with the exception of the exhibits that were the subject of this Court's July 13, 2021

Opinion and Order, in substantially the form provided in the attached proposed Order.

                                                  Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

March 1, 2022                     /s/ *Nils R. Kessler*
NILS R. KESSLER
JONATHAN C. ROTH
Assistant United States Attorneys
United States Attorney's Office
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404