IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

---

THE UNITED STATES OF AMERICA,

            Plaintiff,

V

ADAM FOX, et al.

            Defendants.

Case No 1:20-CR-183-RJJ

HON. ROBERT J. JONKER

---

DEFENDANT ADAM FOX'S
OBJECTION TO THE GOVERNMENTS PROPOSED ORDER
FOR MEDIA ACCESS

---

Now Comes Defendant Adam Fox, by and through Counsel, Christopher M. Gibbons of the Law Offices of Gibbons & Boer, and requests this Honorable Court deny the Government's request for an Order permitting the daily release of admitted exhibits to credentialed news media.

Counsel for Defendant Barry Gordon Croft briefed the law of the 6th Circuit accurately earlier in this matter and Defendant Adam Fox incorporates his legal summary of the applicable authority by reference.  (See ECF 205 Page I.D. 1098-1104). In short, it is within the sound discretion of the Trial Court when and how public access to the admitted exhibits is permitted. There is not a constitutional right to public access to the admitted exhibits during a public Trial.

> The requirement of a public trial is satisfied by the opportunity of members of the public and the press to attend the trial and report what they have observed. The constitutional right to a public trial does not, however, extend to the right of the

public and the press to inspect and copy exhibits that have been admitted during the public trial. *United States v. Dimora,* 862 F. Supp. 2d 697, 702 (2012) (6th Cir).

Counsel for Defendant Adam Fox expresses the following concerns regarding the contemporaneous release of admitted exhibits to news media during the Trial Proceedings. These concerns include, but are not limited to the following:

The right of the public and the media to access information regarding the Trial proceedings does not eclipse the Constitutional right of the Defendant to a fair trial before an impartial Jury. Public release of the admitted Trial Exhibits creates an enormous risk that the un-sequestered Jurors could be approached or invited to discuss the evidence being presented Trial. The very real risk that the release of the daily Trial exhibits to the media could potentially taint or otherwise negatively impact the Jurors is significant enough that the proposal should be denied for that reason alone. The trial court bears the primary responsibility of ensuring criminal defendants their U.S. Const. amend. VI right to a fair trial. This responsibility is at the root of the court's discretionary authority to impose reasonable restrictions on the press's access to the evidence. *United States v. Hernandez*, 124 F. Supp. 2d 698, 700, 2000 (11th Cir).

Additionally, Counsel for the Defendant is not provided with the Governments witness list until the commencement of Trial. As of today's date, undersigned is still seeking critical disclosures that, if granted, will likely be provided after the commencement of the Trial next week. The Government is now proposing that all of the counsel for the Defendants spend additional time at the close of each Trial Day to review the exhibits admitted that day and agree or object to their disclosure to credentialed media. In addition, the failure to lodge an objection would result in a "waiver". The responsibilities of representing Defendant Adam Fox at Trial are sufficiently substantial without the burdensome imposition of an additional "media exhibit review" meeting at the close of each Trial Day.

The Trial Courts order dated 7/13/2021 ECF 254 Page ID 1380-1391 precluding the release of certain exhibits until the conclusion of the matter by Trial or Plea was appropriate at that time and would be appropriate with respect to all the exhibits that are admitted at the Trial.

Last, Undersigned submits that the present public access to the daily happenings in the Courtroom is sufficient to ensure that the public has full and fair access to the hearing. The Trial is not anticipated to last more than six-weeks. The release of the Trial Exhibits to the media after the Jury returns a verdict would offer sufficient access by the public while ensuring the right of the Defendant to a fair Trial by an impartial jury.

Wherefore, Defendant Adam Fox requests that the Court Deny the Government's request to release admitted exhibits to credentialed media sources following each day of Trial. In the event the Court grants the Government's requested order, Defendant requests sufficient funds to retain a professional consultant with appropriate credentials to attend to the daily exhibit reviews and attend to any daily press releases or conferences necessitated to protect the interests of the Defendant.

Dated March 2, 2022,                                            Respectfully Submitted,

,
                                                      /s/Christopher M. Gibbons
                                                      GIBBONS & BOER
                                                      Christopher M. Gibbons
                                                      2404 Eastern Ave SE
                                                      Grand Rapids MI 49507
                                                      616-460-1587
                                                      cgibbons0003@gmail.com