UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ADAM DEAN FOX,
BARRY GORDON CROFT, JR.,
DANIEL JOSEPH HARRIS, and
BRANDON MICHAEL-RAY CASERTA,

        Defendants.
_____/

Case No. 1:20-cr-183

Hon. ROBERT J. JONKER
Chief U.S. District Judge

**GOVERNMENT'S PROPOSED JURY INSTRUCTION RELATED TO
ENTRAPMENT AND MEMORANDUM IN SUPPORT**

During opening statements, the parties addressed issues pertaining to entrapment. Because the defendants failed to elicit evidence of government inducement to commit the crimes, an entrapment instruction is not warranted. The government requests that the Court instruct the jury, consistent with Exhibit A to this filing, that entrapment, inducement, and predisposition are not for the jury to decide.

A defendant is entitled to an entrapment instruction if there is sufficient evidence from which a reasonable jury could find entrapment. *Mathews v. United States,* 485 U.S. 58, 62 (1988). The defense of entrapment has two elements: (1) government inducement of the crime, and (2) a defendant's lack of predisposition to engage in the criminal activity. *United States v. Khalil,* 279 F.3d 358, 364 (6th Cir. 2002). To warrant an entrapment instruction, a defendant must come forward with

evidence that supports both elements. *Id.* Put differently, if a defendant provides evidence from which a reasonable jury could find both that the government induced the crime and that he was not predisposed to commit the crime, he would be entitled to an entrapment instruction. *Id.* at 364–65.

To show government inducement, there must be something more than "merely afford[ing] an opportunity or facilities for the commission of the crime." *Mathews,* 485 U.S. at 66. Even if the government suggests the crime a defendant commits, to show entrapment, a defendant must also show some manner of pressure or persuasion by the government. *United States v. Sadiqullah*, No. 20-6194, 2021 U.S. App. LEXIS 21694, at *17 (6th Cir. July 20, 2021) ("Even if Smith first suggested a kidnapping, to show entrapment, Sadiqullah must also show some manner of pressure or persuasion by the government."). "To show inducement, a defendant must present evidence of 'repeated and persistent solicitation' by the government." *United States v. Dixon*, 396 F. App'x 183, 186 (6th Cir. 2010) (quoting *Sorrells v. United States*, 287 U.S. 435, 441 (1932)). "An inducement consists of an opportunity plus something else—typically, excessive pressure by the government upon the defendant or the government's taking advantage of an alternative, non-criminal type of motive." *Dixon*, 396 F. App'x at 186 (cleaned up) (quoting *United States v. Gendron*, 18 F.3d 955, 961 (1st Cir. 1994)).

The defendants did not elicit evidence sufficient to support an entrapment instruction. Put simply, they failed to provide any evidence from which a jury could infer that they were induced to commit the crimes with which they are charged.

2

There was no evidence that government agents or informants repeatedly and persistently solicited them with excessive pressure to agree to the kidnapping plot, or the use or possession of destructive devices. No one took advantage of their desire to commit the offenses.

On the contrary, both Ty Garbin and Kaleb Franks testified they never heard any other defendant say he was persuaded or induced by any government agent. Franks testified that CHS Dan was "playing it down the middle" and did not push either for or against the kidnapping. Defendant Harris similarly told investigators that CHS Dan "would be like the middle ground for everything." In a recorded jail call shortly after his arrest, Harris' girlfriend said "they're saying Fox was the ringleader," to which Harris responded, "That's true." In a recorded statement, Caserta affirmed that "this is my personal choice to be involved here … I voluntarily consent, and I accept responsibility for anything that happens to me." When invited by a reporter to claim CHS Dan had entrapped him, Caserta replied, "Like, he was never like, 'Hey, you wanna, you know, kidnap the Governor anything.' He never said anything like that to me." Croft has likewise adduced little more than insinuations that CHS Steve and CHS Jenny spoke to him, helped him set up a website, and paid for occasional meals or lodging. Because none of this constitutes coercion or undue influence, an entrapment instruction would be improper. *Khalil,* 279 F.3d at 364.

Even if the defendants had introduced evidence of inducement, the Court should deny an entrapment instruction because the evidence "clearly and unequivocally establishes that [the defendants were] predisposed." *Khalil*, 279 F.3d

3

at 365 (alteration in original) (quoting *United States v. Nelson*, 922 F.2d 311, 317 (6th Cir. 1990)). Predisposition "focuses upon whether the defendant was an 'unwary innocent' or instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." *Mathews*, 485 U.S. at 63. Predisposition focuses, "'by definition, [on] the defendant's state of mind before his initial exposure to government agents.'" *United States v. Khan*, No. 20-1179/1223, 2021 U.S. App. LEXIS 26750, at *12–13 (6th Cir. Sep. 3, 2021) (quoting *United States v. McLernon*, 746 F.2d 1098, 1112 (6th Cir. 1984) (cleaned up). In determining whether a defendant was predisposed to commit the crime, the Court looks to a number of factors, including:

> [1] the character or reputation of the defendant, including any prior criminal record; [2] whether the suggestion of the criminal activity was initially made by the Government; [3] whether the defendant was engaged in the criminal activity for profit; [4] whether the defendant evidenced reluctance to commit the offense, overcome only by repeated Government inducement or persuasion; and [5] the nature of the inducement or persuasion supplied by the government.

*Khalil*, 279 F.3d at 365 (quoting *United States v. Barger*, 931 F.2d 359, 366 (6th Cir. 1991)). The government introduced evidence sufficient to demonstrate that each defendant was predisposed to commit the offense or offenses with which they were charged.

There is no evidence that a government agent made the initial suggestion to commit any of the charged offenses. Profit was not a motivation to commit any of the offenses. And there is no evidence that any defendant's reluctance to commit any of the offenses was overcome only by repeated government inducement or persuasion.

4

Because there is insufficient evidence to allow the jury to consider entrapment, the jury should be instructed to disregard all evidence on that matter, including any evidence offered *solely* to show predisposition. Regarding predisposition, the only evidence offered solely to show predisposition was that Harris participated in a plot to sell "ghost guns" to a convicted felon.

A similar situation occurred in *United States v. Cruz-Ramirez*, No. 08-cr-0730, 2011 WL 5599630, at *4 (N.D. Calif. Nov. 17, 2011). In that case, several defendants alleged they were entrapped, and the government introduced evidence of predisposition. *Id*. However, the court later found the evidence was insufficient to provide an entrapment instruction to the jury. *Id*. To cure the admission of evidence related to entrapment and predisposition, the court gave the following curative instruction:

> You have heard reference to contentions of inducement and entrapment. These are not issues for you to decide. If you find that the government has proven beyond a reasonable doubt all elements of an offense charged against one or more defendants, it would not be a defense that any informant induced or entrapped any defendant to commit the offense. Entrapment and inducement are not for you to decide.
>
> Similarly, you have heard evidence, pro and con, on whether or not defendants were predisposed to criminal activity unrelated to and preceding their alleged joining of any of the charged conspiracies. You must ignore all such evidence. Predisposition is not for you to decide.

Final Charge to Jury, *United States v. Angel Noel Guevara, et al.*, No. 3:08-cr-00730-WHA (N.D. Cal.), ECF No. 4989, at 33 (Exhibit B); *see also Cruz-Ramirez*, 2011 WL 5599630, at *4. *Cf. United States v. Gosser*, 339 F.2d 102, 108 (6th Cir. 1964) (district court found there was insufficient evidence to support an entrapment instruction and

5

then court instructed the jury, "'I charge you as a matter of law that the facts of this case do not raise any issue of entrapment and therefore you are not to consider it in your deliberations.'").

The defendants cannot claim to be prejudiced by an instruction to disregard the limited evidence admitted for the sole purpose of showing predisposition. This Court crafted an order of proof that would have accommodated their desire to exclude predisposition evidence from the government's case in chief. They elected in their opening statements, nonetheless, to rely on an entrapment defense. They voluntarily assume, and failed to meet, the burden of supporting it with evidence.

For the foregoing reasons, the government proposes that the Court instruct the jury that they are not to consider entrapment, inducement, or predisposition evidence consistent with Exhibit A to this filing.

                Respectfully submitted,

                ANDREW BYERLY BIRGE
                United States Attorney

Dated: March 31, 2022        */s/ Nils R. Kessler*
                NILS R. KESSLER
                JONATHAN C. ROTH
                Assistant United States Attorneys
                United States Attorney's Office
                P.O. Box 208
                Grand Rapids, MI 49501-0208
                (616) 456-2404
                nils.kessler@usdoj.gov

# EXHIBIT A

Next, I want to talk to you about some things that you are not to decide. During opening statements, you heard the attorneys talk about entrapment, inducement, and predisposition. During the trial, you heard evidence related to these matters. These are not issues for you to decide. You are not to consider entrapment, inducement, and predisposition in your deliberations.

You are instructed that you must not decide whether any government agent or informant induced or entrapped any defendant to commit any of the charged offenses. Further, you should disregard all evidence that was offered solely to demonstrate that a particular defendant was predisposed to criminal activity that was unrelated to the charged crimes.

Specifically, you are instructed to disregard all evidence pertaining to the manufacture and attempted sale to a felon of firearms without serial numbers, also referred to as "ghost guns."

If you find that the government has proven beyond a reasonable doubt all elements of an offense for a particular defendant, you should return a guilty verdict for that offense as to that defendant. If you have a reasonable doubt about any one of the elements of an offense for a particular defendant, you must find that defendant not guilty of that charge. Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.