UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              CASE NO. 1:20-cr-183

v.

                                                  HON. ROBERT J. JONKER

ADAM DEAN FOX and
BARRY GORDON CROFT, JR.,

        Defendants.

_____/

## **ORDER**

On April 12, 2022, the Court issued an Order declaring a mistrial as to defendants after the jury informed the Court they were unable to come to a unanimous agreement as to all charges in the Superseding Indictment with regard to these defendants. On April 22, 2022, defendants both filed motions for acquittal. The motions were denied following oral argument on June 30, 2022. Accordingly, **IT IS ORDERED** that the following schedule shall govern the retrial in this matter:

1. All pretrial motions shall be filed by **July 12, 2022**.
2. Responses to pretrial motions shall be filed by **July 20, 2022.**
3. A final pretrial conference is scheduled for **July 26, 2022 at 2:00 p.m.**
4. Jury trial shall commence **August 9, 2022 at 8:30 a.m.**

The Court finds that the August 9 trial date falls within the period specified under the Speedy Trial Act for retrials per 18 U.S.C. Sec. 3161(e) and 18 U.S.C. Sec. 3161(h)(1)(D).

**IT IS FURTHER ORDERED** that counsel who will try this case shall appear at the final pretrial conference. The attendance of the defendants is required unless specifically waived.

All pending motions shall be heard at the time of the final pretrial conference on July 26, 2022, unless otherwise notified by the Court.

**IT IS FURTHER ORDERED** that at the final pretrial conference the parties shall:

1. Discuss any legal issues, including motions in limine, or other evidentiary issues which may arise during the course of trial.

2. Enter into stipulations of uncontested facts.

     3. Submit a proposed preliminary jury instruction defining the nature of the alleged offense and the elements of that offense.

     4. Disclose the identity of all expert witnesses and agree, if possible, upon the qualifications of expert witnesses.

     5. Agree, if possible, upon the admissibility of exhibits. The parties shall mark their exhibits for identification prior to the final pretrial conference.

     6. Advise the court of the number of witnesses expected to be called and estimated length of trial.

     7. Submit proposed <u>voir</u> <u>dire</u> questions. During <u>voir</u> <u>dire</u>, the parties will not be permitted to repeat questions asked on the jury questionnaire or questions asked by the Court.

     8. Review jury selection procedure.

     9. Submit trial briefs and discuss legal issues which may arise at the trial.

     10. Prior to the final pretrial conference, the parties shall meet and confer regarding jury instructions. At the final pretrial conference, the parties must submit a joint set of jury instructions. The parties must identify the instructions upon which they agree and disagree. The parties must also submit a brief statement of the nature of any disputes relative to the jury instructions. This Court uses the <u>6th Circuit Pattern Criminal Jury Instructions</u> (West Publishing).

     11. If not previously made available to the other party, the government and defendant shall make available to each other at the final pretrial conference pursuant to Fed. R. Evid. 1006 all summaries which the party intends to introduce into evidence plus duplicates of the supporting documents which have been summarized.

     **A defendant who waits until the time set for the final pretrial conference to plead guilty may or may not receive the one-level reduction in offense level described in U.S.S.G. § 3E1.1(b), even if the government is prepared to move for it. The Court will evaluate any such motion from the government and consider all relevant factors, including the timing of the plea, in deciding whether to grant or deny the government's motion**.

Dated:  July 1, 2022               /s/ Robert J. Jonker  
                                         ROBERT J. JONKER  
                                         CHIEF UNITED STATES DISTRICT JUDGE