UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                No. 1:20-cr-183

    vs.                              Hon. Robert J. Jonker
                                        United States District Judge

ADAM DEAN FOX, and
BARRY GORDON CROFT JR.,

        Defendants.
_____/

## GOVERNMENT'S MOTION IN LIMINE TO
## EXCLUDE EVIDENCE OF PRIOR JURY VERDICT

The government respectfully moves this Court to exclude evidence that another jury acquitted codefendants Daniel Harris and Brandon Caserta. While the jury may necessarily learn that there was a previous trial in this matter, the verdict is both irrelevant to the defendants' trial and likely to confuse and mislead the jury.

### FACTS

This Court conducted a trial in this matter in March, 2022. After a week of deliberation, the jury acquitted Harris and Caserta, and deadlocked on the charges against Fox and Croft. (R. 612, 613: Judgments of Acquittal, PageID.5870-71; R. 622: Declaration of Mistrial, PageID.6029.) Two additional co-defendants (Ty Garbin and Kaleb Franks) had earlier pled guilty, and testified that they conspired with Fox and Croft to kidnap the Governor of Michigan. (R. 142: Garbin Plea Agreement, PageID.745; R. 445: Franks Plea Agreement, PageID.3118.)

In April 2022, Fox and Croft filed motions for acquittal under Rule 29(c), arguing the acquittals of Harris and Caserta precluded a retrial. (R. 629: Croft Motion, PageID.6907; R. 630: Fox Motion, PageID.6919.) This Court rejected those motions, noting the jury could have acquitted Harris and Caserta for reasons that had no bearing on Fox or Croft's guilt. (R. 653: Order, PageID.7816.) For instance, the jurors might have questioned whether Harris and Caserta fully joined the conspiracy, while some jurors agreed that Fox and Croft conspired with each other, Garbin, and/or Franks. (R. 642: Gov't Response, PageID.7155.) The number of jurors who voted to convict Fox and Croft is not in the court record.

## LAW AND ARGUMENT

Evidence is relevant if it has any tendency to make a fact more or less probable, and that fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. Evidence intended to convince the jury to acquit on an improper basis is properly excluded under Rule 403. *United States v. Roberts*, 919 F.3d 980, 985 (6th Cir. 2019).

Evidence of a prior acquittal is inadmissible in a jury trial to determine guilt or innocence. *United States v. De La Rosa*, 171 F.3d 215, 219-220 (5th Cir. 1999) ("Other circuits overwhelmingly agree that, for all the reasons enumerated, evidence of prior acquittals are generally inadmissible. There are seven sister

circuits that have, in varying contexts, endorsed this view—the First, Second, Seventh, Eighth, Tenth, Eleventh, and DC Circuits. We are aware of no contrary authority.").

The Sixth Circuit agreed in *McKinney v. Galvin*, 701 F.2d 584, 586 n.5 (6th Cir. 1983). First, the record of a prior judgment is "hearsay offered to show the truth of the matters alleged … deriving its probative value partially from the credibility and capacity of the absent asserter." *Id.*, *quoting* 4 *Weinstein's Evidence*, ¶ 803(22)[01], P. 803-271, n.3. Second, judgments of acquittal "establish only that either the jury is not convinced beyond a reasonable doubt that the material propositions of fact have been established, or that the jury is exercising its inherent mercy dispensing power. In either event, the defendant cannot claim that the contrary of the material propositions of fact have been found as a result of a judgement of acquittal." *Id.*, *quoting* 4 *Weinstein's Evidence*, ¶ 803-280.  A subsequent panel held in an unpublished opinion that, "A criminal acquittal is not admissible in a subsequent civil proceeding, as it is generally regarded as hearsay. A prior criminal acquittal is also irrelevant because it does not establish the defendant's innocence." *Dunlap v. Fields*, No. 98-6662, 2000 WL 875719 *2 (6th Cir. 2000), *citing McKinney*, 701 F.2d 586 at n.5.

Fox and Croft might proffer the acquittal of their co-defendants to suggest proof is lacking in the case as a whole. To the extent the prior jury's verdict is offered to prove the truth of that assertion, it is hearsay.

Even if it were not hearsay, the verdict would remain irrelevant. As this Court noted in denying the defendants' Rule 29(c) motions, the first jury could have acquitted Harris and Caserta for a bevy of reasons unrelated to Fox or Croft. Moreover, the new jury may hear different witness testimony, see different exhibits, or draw different inferences from the evidence.

Even if the prior verdict had some relevance, it would be clearly outweighed by the risk of confusing and misleading the jury. As the Sixth Circuit has stated, an acquittal is not a finding of innocence, *Dunlap*, 2000 WL 875719 at *2, and one need only turn on the television occasionally to hear a reporter (or even a lawyer) claim a jury found an acquitted defendant "innocent" or "completely exonerated." Any mention of the prior verdict would be an invitation to draw this common, but erroneous, conclusion.

More importantly, it would be an invitation to let that misconception bleed over to the remaining defendants. The Pattern Instructions recognize this danger, advising jurors: "The fact that [an accomplice] has pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way." Sixth Circuit Pattern Criminal Jury Instruction 7.08 (2021). If Garbin and Franks' convictions should not be considered against the defendants, then Harris and Caserta's acquittals certainly cannot be considered for them.

WHEREFORE, the government requests the defendants be prohibited from eliciting evidence of Harris' or Caserta's acquittals or arguing that the "not guilty" verdicts are relevant at the retrial.

Respectfully submitted,

ANDREW BYERLY BIRGE
Attorney for the United States,
Acting under Authority Conferred by
28 U.S.C. § 515

Dated: July 8, 2022      /s/ *Nils R. Kessler*
NILS R. KESSLER
CHRISTOPHER M. O'CONNOR
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, MI 49501-2404
(616) 456-2404
*nils.kessler@usdoj.gov*