IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,              Case No 1:20-CR-183-RJJ

V                                     HON. ROBERT J. JONKER

ADAM FOX,

        Defendant.

DEFENDANT ADAM DEAN FOX'S
BRIEF IN SUPPORT OF MOTION IN LIMINE TO ALLOW THE ADMISSION OF
CHS DAN'S TEXT MESSAGES TO SA CHAMBERS
PURSUANT TO FRE 801(d)(2)(d).

Now Comes Defendant Adam Fox, by and through Counsel, Christopher M. Gibbons of the Law Offices of Gibbons & Boer, and in support of his motion for the admission of confidential informant CHS Dan's text messages states as follows.

FACTS

In October of 2020 Adam Fox, Barry Croft, Daniel Harris, and Brandon Caserta were indicted for allegedly plotting to kidnap the Governor of Michigan. On December 29, 2021, the Defendant's collectively filed a pre-trial motion seeking the admission of various recorded and written statements including statements made by confidential human sources. (Hereinafter CHS) See ECF 383 and 383-1. On February 2, 2022, the Court issued a written opinion limiting the use

of any of the statements of a CHS to statements that were "directly authorized and closely supervised by government agents." See ECF 439 Order 2/2/22 P19.

Following the issuance of this order, in late February, the Defendants were provided with *Jencks* materials that included the complete record of text messages exchanged between CHS Dan and Special Agent Jayson Chambers from March 16, 2020, until October 8, 2020. During that time CHS Dan and SA Chambers exchanged 3,236 messages, or about 16 messages a day on the average. A complete record of these messages had not been provided prior to the *Jencks* and were not available to counsel for the defendants at the time of filing the motion in December.

During the Jury Trial Adam Fox was permitted to use, and admit into evidence, the text statements made by SA Chambers to CHS Dan pursuant to the pre-trial order. Dan's responsive texts were regarded as inadmissible hearsay and were only used for impeachment after he made an inconsistent statement or to refresh recollection. CHS Dan's responsive text messages were not admitted into evidence. During the Trial SA Kristopher Long testified that the text messages sent and received from FBI Bureau phones were collected as a matter of practice so that they could be produced upon request. (ECF 647 Page ID 7258)

The text messages sent between SA Chambers and CHS Dan show that SA Chambers was involved in every aspect of CHS Dan's activities, in most cases monitoring his interactions with Adam Fox as they occurred in real time. SA Chambers communicated directions for CHS Dan such as:

"good to suggest a group conversation on wire with Adam as well" (6/30/20),

"got to get Adam focused" (6/23/20) and

"get him in a leadership chat". (6/23/20) (Exhibit A)

CHS Dan frequently asked for direction from SA Chambers such as:

2

"Should I see if some of the guys want to carpool with me?" (5/26/20),

"Introduce to group?" (6/23/20) or

"Want me to reach out if he gets back with about Adam or you gonna be monitoring" (6/27/20)

to which SA Chambers replied:

"Ill be monitoring, no worries". (Exhibit B)

The messages between CHS Dan and SA Chambers show that Dan viewed his position as a potential opportunity for future work. CHS Dan texted to SA Chambers on May 7, 2020:

"Slowly transitioning my personal information and Facebook and getting a new one online. For this and future."

(Exhibit C) CHS Dan is not an independent contractor. SA Chambers told CHS Dan who to contact and he provided daily directions and tasking. For example, on August 28, 2020, he texted to CHS Dan:

"I have a few goals for today"

(Exhibit D). CHS Dan did not have independent authority to act apart from SA Chambers. SA Chambers provided Dan with a cellphone, smart watch, and laptop computer. CHS Dan's text messages with SA Chambers were directly authorized and closely supervised. SA Chambers acknowledged and responded to these messages. These direct messages from CHS Dan to SA Chambers took place entirely within the scope of his agency as an acting Confidential Human Source further cementing the admissibility of his statements under FRE 801(d)(2)(D). SA Chambers frequently expressed his approval to CHS Dan with responsive texts such as "excellent work" (3/30/20), "great job asking relevant questions" (3/30/20) "awesome" (4/20/20) and "#crushingit." (6/27/20) (Exhibit E) The text messages and CHS Dan's testimony make clear that CHS Dan's text communications with SA Chambers were authorized, supervised, monitored, and

3

approved by SA Chambers throughout the investigation from March to October 2020.  All the text messages from CHS Dan to SA Chambers that Adam Fox is seeking to admit pursuant to FRE 801(d)(2)(D) are attached hereto with context as Exhibit F)

## LEGAL ARGUMENT

The text responses of CHS Dan to SA Chambers meet the standards imposed by the Court's Pretrial Order, *Brahman,* and *Reed* and should be admitted pursuant to FRE 801(d)(2)(D).

As previously argued by the Defendants and acknowledged by this Court, the 6th Circuit has held that the statements of an undercover informant are admissible as a party opponent under FRE 801(d)(2)(D).  *United States v. Branham*, 97 F.3d 835, 851 (6th Cir. 1996).

> We disagree. Arguably, Cordle conversed with Branham on a regular basis in order to establish a trusting relationship. Whatever Cordle said during these conversations was in furtherance of that goal, and thus within the scope of the existing agency. (Id at 851)

This was affirmed by the Sixth Circuit again three years later *United States v Reed*,

> Reed's theory is that Sumpter and Maddox acted as the government's agents in taping the conversations and that their taped statements thus may be admitted against the government. To a certain extent Reed is correct. Sumpter and Maddox were acting as agents of the government, and this court has interpreted "a matter within the scope of the agency" broadly enough that "statements" of Sumpter or Maddox would be admissible against the government. *See Branham*, 97 F.3d at 851 (conversations between government informant and criminal defendant were designed to establish trust, and anything said by the informant was within the scope of the agency). *United States v. Reed*, 167 F.3d 984, 989, 1999 (6th Cir.)

This Court issued a pre-trial order limiting the use of CHS to statements to those that were "directly authorized and closely supervised by government agents." See ECF 439 Order 2/2/22 P19.  The Court in its opinion was primarily addressing the admission of the statements of a CHS to one of the Defendants, i.e., statements made by CHS Dan to Adam Fox.[1]  The statements at issue here

---

[1] Statements made by CHS Dan to Adam Fox are being addressed in a separate pretrial motion and brief.

4

are different in character because they are statements made by CHS Dan to SA Chambers who is his supervising agent and they are made entirely within the scope of his agency working as a CHS for the FBI and SA Chambers. Further the content of the messages is entirely related to CHS Dan's activities as an informant, made during his actions taken to achieve the investigative tasking assigned to him by SA Chambers.

SA Chambers regular and consistent approvals of Dan's actions and statements show a clear and established agency relationship between SA Chambers and CHS Dan. The texts from SA Chambers confirm that CHS Dan was acting on the direction of SA Chambers and that CHS Dan was acting on the authority given to him by SA Chambers. CHS Dan's responsive texts are clearly within the scope of his agency relationship with the FBI and should be admitted under to FRE 801(d)(2)(D).

Wherefore, in light of the new evidence regarding the close monitoring and approval of CHS Dan's activities which came out at the last trial, Adam Fox requests that this Court allow the introduction of CHS Dan's responsive texts to SA Chambers pursuant to FRE 801(d)(2)(D). Specifically, CHS Dan's relevant text messages to SA Chambers from March 16, 2020, to October 8, 2020, pursuant to FRE 801(d)(2)(D) as they were directly authorized, closely supervised, and the statements are otherwise admissible under established Sixth Circuit law.

                    Respectfully submitted,

Date: July 12, 2022.                By:   /s/ Christopher M. Gibbons
                                                Christopher M. Gibbons
                                                Attorney for Defendant Adam Fox