UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:20-cr-183

        vs.                              Hon. Robert J. Jonker
                                           United States District Judge

ADAM DEAN FOX, and
BARRY GORDON CROFT JR.,

        Defendants.
_____/

## GOVERNMENT'S PROPOSED JURY INSTRUCTION

May it please the Court, the government proposes the following jury instruction on entrapment, based on Modern Jury Instruction ¶ 8.07:

> The defendant asserts as a defense that he was the victim of entrapment by an agent of the government. While the law permits government agents to trap an unwary criminally minded person, the law does not permit the government agents to entrap an unwary innocent. Thus, a defendant may not be convicted of a crime if it was the government who gave the defendant the idea to commit the crime, if it was the government who also persuaded him to commit the crime, and if he was not ready and willing to commit the crime before the government officials or agents first spoke with him.
>
> On the other hand, if the defendant was ready and willing to violate the law, and the government merely presented him with an opportunity to do so, that would not constitute entrapment.
>
> Your inquiry on this issue should first be to determine whether there is any evidence that a government agent took the first step that led to a criminal act. If you find there was no such evidence, there can be no entrapment and your inquiry on this defense should end there.

1

If, on the other hand, you find some evidence that a government agent initiated the criminal acts charged in the indictment, then you must decide whether the government has satisfied its burden to prove beyond a reasonable doubt that prior to first being approached by government agents, the defendant was ready and willing to commit the crime. If you find beyond a reasonable doubt that the defendant was predisposed that is, ready and willing to commit the offenses charged, and merely was awaiting a favorable opportunity to commit them, then you should find that the defendant was not the victim of entrapment. On the other hand, if you have a reasonable doubt that the defendant would have committed the offenses charged without the government's inducements, you must acquit the defendant.

          Respectfully submitted,

          ANDREW BYERLY BIRGE
          Attorney for the United States,
          Acting under Authority Conferred by
          28 U.S.C. § 515

Dated: July 25, 2022          */s/ Nils R. Kessler*
          NILS R. KESSLER
          CHRISTOPHER M. O'CONNOR
          Assistant United States Attorneys
          P.O. Box 208
          Grand Rapids, MI 49501-2404
          (616) 456-2404
          *nils.kessler@usdoj.gov*