UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              CASE No. 1:20-CR-183

v.

                              HON. ROBERT J. JONKER

ADAM DEAN FOX, et al.,

        Defendants.

_____/

## <u>ORDER</u>

The matter came up at the July 26, 2022, Final Pretrial Conference on several motions and matters filed by the parties in advance of the conference.  The Court ruled on the matters from the bench during the conference, and the Court incorporates by reference the reasons articulated on the record for its rulings.  Accordingly, subject to the rulings and comments made on the record during the final pretrial conference and subject to the actual admission of the evidence at trial, the Court makes the following rulings:

1. Defendant Fox's pending motions (ECF Nos. 662, 665, and 667) that request the Court revisit the rulings in its February 2, 2022, Order, are **DENIED.**  Defendant Croft's Motion for Joinder in Defendant Fox's motions (ECF No. 670) is **GRANTED** to the extent it seeks to join in the motions.  It is **DENIED** in all other respects. The Court adheres to its February 2, 2022, Order.

2. The Government's Motion to Exclude Evidence of Prior Jury Verdict (ECF No. 658) is **GRANTED** to the extent specified on the record**.**  Defendant Fox's Motion for Joinder (ECF No. 679) is **GRANTED.**

3. During the conference, both the government and the defense agreed that evidence of Mr. Harris' and Mr. Caserta's acquittals in the earlier trial is inadmissible in this trial to prove Defendants Fox's or Croft's guilt or innocence, which is the primary issue the government raised in its motion to exclude.  The Court also went on to discuss with the parties a number of issues related to the earlier trial including how, if at all, to address the results of the earlier trial during the upcoming jury selection; how to reference the earlier trial during the parties' presentation of proofs; and whether the acquittals may be used to address credibility should Mr. Harris or Mr. Caserta testify during trial.

   a. With respect to jury selection, the Court does not anticipate raising the *results* of the first trial beyond its general probe of whether anyone on the venire has outside knowledge of the case.  The Court may reference the general fact of a prior trial without discussing results. If a prospective jury member references the results from the first trial, the Court will address it with a limiting instruction and an inquiry into whether the prospective juror could remain fair and impartial in this case.

   b. Both sides agreed that referring to the "prior trial" or "previous trial" may be used during the parties' presentation of proofs and argument in this matter.

   c. The Court will reserve a final ruling on the potential use of Mr. Harris' and Mr. Caserta's acquittals during their testimony until such time as may be necessary. For planning purposes, the Court presently believes Rule 403 balancing would likely substantially outweigh any probative value on credibility or otherwise.

4. As with the earlier trial, the Court will conduct the initial voir dire of prospective jurors and alternates.  The government, Defendant Fox, and Defendant Croft will also each

have twenty minutes for questioning to be spent as the party sees fit over the various

rounds of peremptories and refills.

5.  During the conference, the government indicated that one of its potential witnesses who

    testified during the first trial may elect to invoke her Fifth Amendment rights during

    the upcoming trial.  The government suggested that more than a fear of a possible

    exposure to a perjury charge will be necessary for the Fifth Amendment to apply.  Both

    the government and the defense may submit briefing on this issue.

**IT IS SO ORDERED.**


Dated:  ___July 28, 2022___                    ___/s/ Robert J. Jonker_____
                                               ROBERT J. JONKER
                                               UNITED STATES DISTRICT JUDGE