```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE WESTERN DISTRICT OF MICHIGAN

                              SOUTHERN DIVISION

    UNITED STATES OF AMERICA,

              Plaintiff,          No:   1:20cr183-1/2

      vs.

    ADAM DEAN FOX,
    BARRY GORDON CROFT, JR.,

              Defendants.


    Before:

                        THE HONORABLE ROBERT J. JONKER
                             U.S. DISTRICT Judge
                           Grand Rapids, Michigan
                          Friday, August 12, 2002
                       In-Chambers Hearing Proceedings

    APPEARANCES:


                       Susan Bourque, Case Manager
                       Kristi Taylor, Jury Clerk Coordinator



    REPORTED BY:   MR. PAUL G. BRANDELL, CSR-4552, RPR, CRR
```

```
 1              (Proceedings, 12:56 p.m.)
 2              THE COURT:  We are on the record in an in-chambers
 3    proceeding, which is going to be filed in restricted access.
 4    This is going to be just a private meeting at this point, but
 5    we're taking it down so that if need be I can share it with the
 6    lawyers.  And we are here with myself, Mr. Brandell, the court
 7    reporter, Kristi Taylor, our jury specialist, and my case
 8    manager, Ms. Bourque, and we have ███████████████.  And
 9    we, of course, know your name and have the information on the
10    questionnaire, but we are going to refer to you by juror number
11    here and seat number, too.
12              And the reason that I wanted to talk to you is because
13    I need to ask some questions, get some answers about whether
14    you are in a position to fairly complete the service as a juror
15    that you undertook.  So I have a few questions, and I am going
16    to give you some specific information that came to the Court,
17    and that that's the reason for the trigger for why we are here.
18              And the first general question for ███████ is since
19    you were sworn as a juror do you believe you have been able to
20    follow the admonitions of the Court not to talk to anybody and
21    to keep your -- your own counsel?
22              ███████:  Yes.
23              THE COURT:  Okay.  And do you believe that you
24    continue to have the ability to serve fairly and impartially
25    and decide this case just based on the evidence?
```

1   ███████████: Yes.
2       THE COURT: And similarly, to the extent you had views
3   one way or the other coming in, do you continue to believe that
4   you are able to put those to one side and really just go with
5   this case based on the evidence you hear and the instructions I
6   give you?
7   ███████████: Yes.
8       THE COURT: Okay. No concerns about any of that?
9   ███████████: None.
10      THE COURT: Okay. And those were the things in
11  summary form that I asked you and the others during the voir
12  dire process, and when you took the oath to be a fair juror
13  that's what you understood. But what came to the Court
14  recently is information which would -- would not only say you
15  had strong views about the case before you became a juror but
16  that at least to some people expressed the intent to act on
17  those views to -- as in one case, if I am on this jury I will
18  be sure there's -- they are guilty, there's a guilty verdict.
19  These guys are going to hang, or words to that effect.
20      It's not like I have that on tape. It's not like I
21  have anybody saying that under oath, but we have information
22  that came to the Court that suggests you made statements like
23  that as recently as Monday, which was before you became a
24  juror, in connection with your place of work.
25      So I can see the puzzled look on your face, and so the

```
 1   first question is, do you remember making statements like that
 2   at any time?
 3                  ▮▮▮▮▮:  None.
 4           THE COURT:  Just don't believe that ever came up?
 5                  ▮▮▮▮▮:  None.
 6           THE COURT:  Okay.  And in -- in terms of your place of
 7   work, have you talked to people there about your jury service
 8   before coming?
 9                  ▮▮▮▮▮:  No.  I just said I have jury duty.
10           THE COURT:  Okay.  So you didn't talk to them about
11   what the case is or --
12                  ▮▮▮▮▮:  No.  I didn't even know what the case was
13   until I came in Tuesday morning when I glanced at a TV and saw
14   news cameras out here, and I'm like, I think I know what case
15   it is.
16           THE COURT:  Okay.
17                  ▮▮▮▮▮:  But I didn't tell anyone what case.  I
18   just said, I had jury duty.
19           THE COURT:  All right.  And for the reasons -- or
20   going back to the beginning, you are satisfied that -- well,
21   let me ask you one more thing.  Do you think way back when,
22   because I think I remember from your questions and answers we
23   had during voir dire, do you remember hearing something about
24   the case like maybe a couple years ago?
25                  ▮▮▮▮▮:  Yeah.  When they were first arraigned and
```

everything.  I didn't follow the case in March.

THE COURT:  Okay.  And do you remember saying anything about it then?

▮▮▮▮▮:  Not to my knowledge.

THE COURT:  So from your perspective, no reason to understand why anybody would have heard, overheard or believed somebody else heard you say something like that?

▮▮▮▮▮:  Yup.

THE COURT:  Okay.  And no doubt about your ability to be fair from your perspective?

▮▮▮▮▮:  Correct.

THE COURT:  Okay.  Thank you.  Let me just make sure I have covered the things that I want to cover.

Okay.  This is awkward for obvious reasons because now you really do feel like you got called to the principal's office.

▮▮▮▮▮:  I've only had that happen once.

THE COURT:  I think I had it happen more than once when I was in school.  But in any case, the reason I'm doing it this way is obviously to follow up information that came to the Court, not verified, not anything that we know one way or the other, to see what your reaction is, to confirm one way or the other whether you are able to serve fairly or not, and from the answers that you are giving me here I can tell you are satisfied you can still do that and you don't believe these

```
 1   things were said or can't even understand why somebody would
 2   think they overheard you say that.
 3          So you now have an added burden of not just not
 4   talking to anybody about the case generally, but you have to
 5   keep your own counsel on this, too, because if you have been
 6   following, and you said you were, the admonitions not to talk
 7   to other jurors about the case, this would not be something
 8   that I would want to talk or have discussed among other jurors
 9   on the case as well.  You understand that?
10          ███████: Correct.
11          THE COURT:  Okay.  Very good.  So thank you.  We are
12   going to arrange either through -- are the two of you going to
13   make sure ███ can get out, ████████████████████████████████
14   ████████████████████████
15          ███████: ████ ████████████
16          ███████: ████████████████████████████████
17          ███████: ████████████████████████████████
18   █████
19          THE COURT:  Okay.  So they'll get you out ████████
20   ████████████████████████████████████████ so in case people
21   in the press corp that sometimes hang around wonder why is this
22   one juror coming out late, then they won't probably see you
23   ████████████████████████████████████████████████████████████
24   ████████████████████████
25          Anything about this experience, the questions and
```

```
 1   answers that you and I have had or the reality that we had to
 2   have this conversation makes it uncomfortable for you in any
 3   away to continue with service?
 4                  ▇▇▇▇▇▇▇:   Nope.
 5            THE COURT:   Okay.  Thank you and have a good weekend.
 6                  ▇▇▇▇▇▇▇:   You as well.
 7            (Proceeding concluded, 1:03 p.m.)
 8
 9
10
```

REPORTER'S CERTIFICATE

I, Paul G. Brandell, Official Court Reporter for the United States District Court for the Western District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a full, true and correct transcript of the proceedings had in the within entitled and numbered cause on the date hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

/s/ Paul G. Brandell
Paul G. Brandell, CSR-4552, RPR, CRR
U.S. District Court Reporter
399 Federal Building
Grand Rapids, Michigan  49503

## REPORTER'S CERTIFICATE

I, Paul G. Brandell, Official Court Reporter for the United States District Court for the Western District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a full, true and correct transcript of the proceedings had in the within entitled and numbered cause on the date hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

/s/ Paul G. Brandell

Paul G. Brandell, CSR-4552, RPR, CRR

U.S. District Court Reporter

399 Federal Building

Grand Rapids, Michigan  49503